Mr. Lawrence E. Fisher Chairman, Arkansas Athletic Commission Quapaw Tower 2-A 9th and Ferry Streets Little Rock, AR 72201
Dear Mr. Fisher:
This is in response to your request for an opinion on several questions involving Act 596 of 1989, which is entitled: "An Act to amend Arkansas Code Title 17, Chapter 19, Subchapter 3, to permit non-profit corporations to sponsor athletic events regulated by the Arkansas Athletic Commission." Your specific questions are restated as follows:
 1. Is a "non-profit corporation" under Act 596 of 1989 one that is recognized by the Internal Revenue, or an Arkansas corporation which is chartered through the Secretary of State?
 2. Must a preference be given to the organizations in the order in which they are listed under this act?
 3. Does the provision which states that the Commission has no authority to limit the number of organizations mean that the State Athletic Commission would have no authority to make some investigation to determine the nature of the non-profit corporation and whether or not it was connected with the mafia, criminal element, or that its funds were used for the private benefit of individuals who had secured a non-profit charter?
Section 1 of Act 596 of 1989 amends A.C.A. 17-19-301(a) to include "a non-profit corporation" within the organizations that may sponsor certain athletic matches or exhibitions where an admission fee is charged. It is my opinion, in response to your first question, that the term "non-profit corporation" refers to corporations that have been granted legal status as "not-for-profit corporations" under the Arkansas Nonprofit Corporation Act (A.C.A. 4-28-201 — 4-28-206 and4-28-209 — 4-28-223). This act (Act 176 of 1963, as amended) stated the following in its emergency clause:
 It has been found by the General Assembly of the State of Arkansas that nonprofit corporations are not required to register with the Secretary of State, keep proper accounting records, and are subject to no state regulation, thereby giving rise to the unfettered practices of fraud upon the public of Arkansas and the degradation of the purposes of which such corporations might be formed; that there is an urgent need for protection of the public and encouragement of worthy organizations.
Acts 1963, No. 176, 24
Thus, provisions were adopted for the organization and regulation of non-profit corporations, in furtherance of the above goals. Act 596 of 1989 reasonably encompasses corporations organized under the 1963 Act.
The answer to your second question is "no". A preference cannot reasonably be inferred merely from the order in which the organizations are listed nor, in my opinion, does Act 596 reflect any other basis for a preference.
It may be concluded in response to your third question that the State Athletic Commission ("Commission") is not generally precluded from investigating the nature of the non-profit corporation. Whether or not a license may be denied or revoked, however, (A.C.A. 17-19-305) will depend upon the particular facts and circumstances in each case. Since no part of the income of a non-profit corporation may be distributed to its members, directors, or officers, (A.C.A. 4-28-220), distribution of funds to these persons could result in the corporation's dissolution. It should also be noted that a non-profit corporation may only be organized for a "lawful purpose". A.C.A. 4-28-205. Illegal activity could therefore also trigger its dissolution. The organization would in that instance no longer qualify under Act 596 of 1989 (A.C.A. 17-19-301, et seq., as amended).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.